NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10077 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00552-MTL-1 |
| v. | |
| MIGUEL ANDRES LARA-UNZUETA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 13, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and R. NELSON and HUNSAKER, Circuit Judges.

Appellant Miguel Andres Lara-Unzueta appeals the district court's denial of

his motion to dismiss his indictment for illegal reentry. *See* 8 U.S.C. § 1326(a),

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(b)(2).[1] Lara-Unzueta argues that his underlying 1998 removal order was invalid because the Immigration Judge ("IJ") erroneously rejected his request for a § 212(c) hearing for discretionary relief. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001), *superseded by statute on other grounds as stated in Nasrallah v. Barr*, 140 S. Ct. 1683 (2020). But Lara-Unzueta has not demonstrated that the deportation proceedings "improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). Thus, he cannot collaterally attack the underlying 1998 removal order.

To satisfy 8 U.S.C. § 1326(d)(2), a defendant "must show an actual or constructive inability to seek judicial review, related to an alleged error or obstacle in the deportation proceedings." *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1133 (9th Cir. 2013). On appeal, however, Lara-Unzueta argues only that (1) the IJ erred; (2) the record as to his § 212(c) eligibility had not been developed because of the error; and (3) he did not understand the requirements for a § 1326 collateral attack at the time of his 1998 removal. None of these arguments demonstrate Lara-Unzueta was actually or constructively "foreclose[d]" from challenging the IJ's decision not to hold a § 212(c) hearing. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 838 (1987), *adopted by statute as stated in United*

---

[1] We review de novo the denial of a motion to dismiss based on 8 U.S.C. § 1326(d). *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000) (citation omitted).

2

*States v. Gonzalez-Flores*, 804 F.3d 920 (9th Cir. 2015).  Lara-Unzueta did, in fact,

appeal the IJ's § 212(c) determination to the Board of Immigration Appeals and

could have sought judicial review of the Board's decision affirming Lara-

Unzueta's ineligibility for statutorily relief.

Without the requisite showing under 8 U.S.C. § 1326(d)(2), Lara-Unzueta

cannot collaterally attack his 1998 removal order.[2]

**AFFIRMED.**

---

[2] Because we conclude Lara-Unzueta has not made the requisite showing under 8 U.S.C. § 1326(d)(2), we need not address the other arguments presented on appeal.